Rendered June 5, 1912.

STATE OF MARYLAND
VS.
REUBEN D. SMITH, CHARLES A. SCHUMAN.

ELLIOTT, J.—

The Court: Now, gentlemen, the court is ready to decide the case that was argued before it on Monday, being the demurrer in the election cases, that demurrer involving Messrs. Schuman and Smith, the judges appointed to represent the Republican party in the late primary election.

The question submitted to this court for decision in the present case, while that decision may be highly important to the State and to the traversers, and far reaching in its consequences to the public, is, after all, a very narrow one.

The demurrer interposed by the traversers to the indictment found against them admits in law the commission of certain acts under which the election law as it existed at the time of such commission, amounted to offenses subjecting them to punishment, but they say, the law which made these acts violations of law and subjected us to punishment has been repealed, and repealed without any saving clause, and the courts have no right or power to try us, and there is no law under which we can be punished.

It is important that we should appreciate and state at the .outstart the position assumed by the traversers in filing this demurrer, and the court is of the opinion that it could not be better stated than it has been by our Court of Appeals in the case of State against the Baltimore & Ohio Railroad Company, 12 Gill & Johnson, page 437.

The Court of Appeals, speaking through Judge Stephen, quotes with approval Chancellor Kent, where he says, "If an act be penal and temporary by the terms or nature of it, the party offending must be prosecuted and punished before the act expires or be repealed." And the court also quotes from Chief Justice Marshall where, in delivering the opinion of the Supreme Court in the case of Yeaton and others, claimants, against the United States, in 5 Cranch, at page 283, he says, "It has been long settled on general principles that after the expiration or repeal of a law, no penalty can be enforced nor punishment inflicted for violation of the law while it was in force, unless some special provision be made for that purpose by the statute."

The law as announced by our Court of Appeals in 12 Gill & Johnson, in 1842, following the decision of the Supreme Court of the United States, made in 1812, has been exemplified in a number of cases since, all of which, while necessarily differing in the facts involved, have agreed in the one particular, that after the repeal or expiration of the law without some saving clause, the courts are without jurisdiction to punish for the violation of the law committed while it was in force.

Those cases have been decided at intervals from 1842 down to and inclusive of the case of State against Gambrill, reported in 115 Md., page 506, and it would answer no useful purpose to set them out in this opinion.

Applying the principle of those decisions to the present case, the traversers say that the law, which made the acts recited in the indictment, demurred to offenses against the law and punishable under the law, has been repealed, and that without any saving clause.

Therefore, they say, admitting the commission of the offenses, the courts are powerless to try and punish those offenses.

Speaking particularly and specifically, the traversers say the several

things complained of were offenses under Section 160-L of the Acts of 1910, which section was repealed by Chapter 2 of the Acts of 1912, which latter act contained no saving clause, and those offenses could only have been prosecuted and punished while the act was in force and before it had expired or been repealed.

It is evident, therefore, that the decision of this demurrer depends upon the answer to the question as to the effect of the Acts of 1910 and 1912 upon the existing law, and primarily upon the question as to whether or not the Act of 1910 made criminal acts which, before that act went into effect, would not have been criminal if committed at that time, and whether or not those provisions of the Act of 1910 have been repealed by the Act of 1912.

It has been announced by the courts too often for successful controversy that in construing the provisions and effect of legislative enactments, due weight must be at all times given to the legislative intent, and it would not be treating the legislature of a State with the respect to which it is entitled to conclude that intending one thing it had really and actually done something which defeated that intent.

To conclude, therefore, that when they passed the Act of 1912 they thereby repealed the Act of 1910 is to say that the legislature of Maryland, after the existing law had been violated, and while the alleged violators were in course of punishment in the courts, it deliberately repealed the law under which the prosecutions were had, for the purpose and with the intent that the violators should escape punishment, because, as I said before, it can not be for a moment conceded that the legislature did not know what it was doing when it passed the Act of 1912; and if the Act of 1912 has had the effect which is claimed for it by the traversers, then we must conclude that the legislature intended to do what it is claimed they have done.

Representing one of the co-ordinate branches of the government, I should hate very much, even in my own mind, to come to a conclusion of that kind, and I am quite sure that no court would promulgate a decision which necessarily concluded that fact.

Now let us, if you please, examine the law of 1910, and confining ourselves entirely to the particular section which has been referred to by the counsel for the traversers, quoting from the codification of the Election Laws, published by authority of the Secretary of State, which codification includes the Act of 1910, we find that the provision of Section 160-L is in these words:

"The provisions, all and singular, from sections 87 to 115 of this article, both inclusive, and the offenses defined and the penalties and punishments prescribed therefor in said sections, respectively, shall be fully applicable in all respects to the same persons, matters and omissions in connection with or pertaining to the primary elections of any primary election held under this article, sub-title 'Primary Elections,' and said sections are hereby made applicable to all primary elections provided for and held hereunder."

Then it goes on to specifically provide that any judge, clerk or other officer of any primary election, or any voter or other person who would be deemed guilty of any offense against the General Election Law, or under provision or provisions thereof, in a general election, who is found guilty of the same offense in any primary election, as herein provided for, shall be deemed guilty of the same crime of which his offense is made to consist by and under the General Election Law, and particularly under any of the above mentioned sections, respectively, thereof, and shall be liable to the same punishment or penalty as is prescribed for such sections thereof.

Then comes a proviso that Sections 160-M, N, O, P, Q, R, S, T, U and V thereof with respect to the offenses, penalties and punishments under the primary election law, shall have full force and effect in all cases to which the same are applicable.

It must be perfectly clear from that reading that even under the Act of 1910 nobody could be prosecuted and nobody could be punished except persons who, acting as officers of the primary elections, would, if they had been officers under the general election law, be punished for the specific offenses.

That brings me to the conclusion that the Act of 1910 contains no provision embodying any new specifica-

tion as to what is an offense, and denounces no punishment for that offense, which had not already been an offense under the general election law passed in 1896, and amended at various times since.

Now, the Act of 1912 comes along and, after amending, or in the course of the amending of certain sections of this Act of 1910, amends Section 160-L, and the amendment, it is to be noted, is only to be as provided in the act itself to the extent and for the purpose of obviating any inconsistency which might be supposed to exist between 160-L of the Act of 1910 as contrasted with Section 160-W, which was for the first time made law in this Act of 1912.

It was suggested by the State in the course of the argument that 160-W is unconstitutional by reason of the fact that while the Constitution of the State provides in so many words for the punishment both of the briber and the bribe-taker, the Law of 1912 seeks to exempt from punishment the man who takes the bribe, and reserves the punishment as against the man who gives it.

It is not necessary for the purposes of this decision to go into that question, and I will not go into it further than to say that on the first blush, at least, it would seem that Section 160-W is unconstitutional for the reason that it is violative of the Constitution itself; but, returning to the question of the effect of this Act of 1912, it must be clear, for the reasons which I have already stated, that when Section 160-L is amended, and was avowedly amended, only for the purpose of preventing Section 160-L, as incorporated in the Acts of 1910, from being contrary to this Section 160-W, that even if Section 160-W is not unconstitutional, and if it is the law of this State, the passage of Section 160-W does not amend Section 160-L except to the extent that Section 160-L was inconsistent with it.

There is one provision in this Act of 1912 which was not adverted to in argument, and it seems to the court a very important provision and really conclusive of the point in controversy, and that is Section 3 of the Act, which is in these words: "And be it further enacted that all acts or parts of acts inconsistent with the provisions of this act be and the same are hereby re-

pealed to the extent of such inconsistency."

In other words, the Act of 1912 does not make an absolute and unconditional repeal of the Act of 1910, nor does it make a repeal, or effect or work a repeal, in any of the pre-existing law, except to the extent as herein provided, that the same are hereby repealed to the extent of such inconsistency.

Therefore, the final question in this case is this: Is there such inconsistency between this Section 160-L of the Act of 1910 and the provisions of this Act of 1912 as to work a repeal of this Section 160-L?

I am of the opinion that there is no such inconsistency, so far as it affects this question.

There is one word more: The provision of 160-L of the Act of 1910 was this: "The provisions, all and singular, from Sections 87 to 115 of this article, both inclusive" * * * and it is to be noted that it is exactly the same article, and these different laws are simply codified as sections under that article—and the offenses defined and the penalties and punishments prescribed therefor in said sections respectively, shall be fully applicable in all respects to the same persons, matters and omissions under the primary election, or at the primary election.

In reason it would appear to be difficult to imagine any justification for subjecting the same man to one law or one condition of law at a general election and subjecting him to another law or condition of law at a primary election, when in both cases he was doing exactly the same thing and therefore it was that when the Act of 1910 was passed the legislature, in that supreme wisdom that is always supposed and sometimes does characterize its acts, passed this law of 1910, it did not do anything more or less than this: It controlled the same law the Judges, whether they were acting at a general election or acting at a primary election.

Now, one thing more. When we come down to this Act of 1912, Section 160-L is in the same words and figures that the same section is in the Act of 1910, so far as it relates to the subjects which I am now discussing, and both of those acts make all sections of this same article—this election article, as

we may term it—make the same sections of the article of the Code applicable to both general and primary elections. These sections are numbered from 77 to 115.

One of those sections reads, as was quoted by the State's Attorney in the argument: "Every judge or clerk of election or other officer or person who shall make, sign, publish or deliver any false tally or return of an election, or any false certificate or statement of the result of an election, knowing the same to be false, or who shall wilfully deface, destroy or conceal any statement, tally or certificates entrusted to his care and custody, shall on conviction thereof be adjudged guilty of a felony and shall be punished by imprisonment in the penitentiary for not less than one nor more than ten years."

It is too clear for argument and it is hardly necessary to even go so far as to reiterate the statement, that the section which I have just read applies primarily to elections under this law of 1910, and it is the opinion of this court that the same section applies with the same force under the Act of 1912, and that, therefore, for the purposes of this case, both as a matter of reasoning and as a matter of exact provision in Section 3 of the Act of 1912, there has been no repeal of Section 160-L of the Act of 1910.

It therefore follows that for the reason that I have given, the demurrer must be overruled.